IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH DIVISION

| | | |
|---|---|---|
| RAYMOND HALL,<br><br>Plaintiff,<br><br>vs.<br><br>PITTSBURGH REGIONAL TRANSIT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br>2:25-CV-01622-NBF-CBB<br><br>Nora Barry Fischer<br>Senior United States District Judge<br><br>Christopher B. Brown<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**ON MOTION TO DISMISS ECF No. 12**

**Christopher B. Brown, United States Magistrate Judge**

## I. Recommendation

This civil action was initiated in this court on October 20, 2025, by pro se Plaintiff Raymond Hall ("Hall"). ECF No. 1. Hall alleges his employer, Defendant Pittsburgh Regional Transit ("PRT"), subjected him to race based discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ECF No. 3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

Presently pending before the Court is PRT's motion to dismiss for a more definite statement under Fed. R. Civ. P. 12(e) and alternatively for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 12. The motion is fully briefed and

ripe for consideration. ECF Nos. 13, 18, 19. For the reasons that follow, it is respectfully recommended the Court grant PRT's motion to dismiss for more definite statement under Fed. R. Civ. P. 12(e), dismiss Hall's amended complaint without prejudice and allow Hall to file a second amended complaint. It is further recommended if Hall is granted the opportunity to file a second amended complaint and fails to do so, that dismissal of his complaint be converted to dismissal with prejudice. Lastly, it is recommended PRT's motion to dismiss for failure to state a claim be dismissed as moot and without prejudice to raise those arguments at a future procedural juncture.

## II. Report

### a. Background

Hall submits a two-page complaint and alleges he is "one of only a small number of African American Wirepersons in the entire PRT system." ECF No. 3 at ¶ 4.a. He claims after he filed "internal complaints" and "EEOC charges" of an unspecified nature, PRT "subjected [him] to accelerated discipline, repeated '105' hearings and unwarranted written warnings" despite Hall presenting evidence to his supervisors that "his work was complete." *Id*. at ¶¶ 4.b-c. Hall further alleges in August 2025, several supervisors instructed him and one other employee to "remove their tools and belongings from a shared workspace" but did not instruct other employees to do the same. *Id*. at ¶ 4.d. He alleges "White wirepersons committing similar errors were not disciplined or were given lesser corrective actions" and his union representative did not file a grievance on his behalf. *Id*. at ¶ 4.e-f. It is on

this basis Hall alleges PRT discriminated and retaliated against him in violation of Title VII.

Hall attached several documents related to his EEOC charges to his amended complaint. *See* ECF No. 3-1. Generally, these documents show that Hall filed an EEOC Charge at EEOC No. 533-2025-01637 ("First EEOC Charge"), the EEOC made no findings, and Hall received a Right to Sue Notice for the First EEOC Charge on July 22, 2025. *Id.* at 2-3. Hall then filed a subsequent EEOC Charge at EEOC No. 533-2025-03187 on September 9, 2025 alleging racial discrimination and retaliation ("Second EEOC Charge") from July 31-August 27, 2025. *Id.* at 6-7. In the Second EEOC Charge, Hall alleged before he filed the First EEOC Charge, he "had a clear work record" and after, he was subjected to "harassment and disciplinary actions which are unwarranted." *Id.* at 6. According to Hall, the Second EEOC Charge remains pending. *Id.* at 1.

**b. Standard of Review: Fed. R. Civ. P. 12(e) Motion for More Definite Statement and Pro Se Litigants**

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) is part of the "district court's case-management arsenal," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 593 n. 13 (2007), that, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." *Sony BMG Music Ent. v. Cloud*, No. CIV. 08-1200, 2008 WL 3895895, at *2 (E.D. Pa. Aug. 22, 2008). Generally

speaking, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed. R. Civ. P. 8(a)." *Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. CIV. A. 06-1812, 2009 WL 1033601, at *2 (E.D. Pa. Apr. 15, 2009); *see also Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC*, 780 F. Supp. 2d 367, 371 (E.D. Pa. 2011) ("[M]otions for a more definite statement are 'highly disfavored.' "). Thus, courts will grant a Rule 12(e) motion only "if a pleading is so vague or ambiguous that the opposing party cannot reasonably be required to make a responsive pleading." *Country Classics at Morgan Hill Homeowners' Ass'n, Inc.*, 780 F. Supp. 2d at 371 (internal quotations omitted).

Because Hall is proceeding pro se, the allegations in the Amended Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the Court can reasonably read the Amended Complaint to state a claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982). Despite this leniency, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Judging the sufficiency of a pleading "is a context-dependent exercise." *Garrett v. Wexford*

*Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010)). At a minimum, however, the pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Accordingly, a complaint must identify "discrete defendants and the actions taken by these defendants[.]" *Garrett*, 938 F.3d at 93 (citation omitted). Dismissal under Rule 8(a) is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Muhammad v. U.S. States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

**c. Discussion**

After a close review of the allegations of the amended complaint, the Court finds that the allegations are insufficient to discern plausible claims against PRT which would allow it to frame a responsive pleading. As such, the amended complaint does not meet the pleading standards under Rule 8.

While Hall generally complains of racial discrimination and retaliation in his workplace, he does not provide any particular facts that tend to support his claims. In his amended complaint, Hall appears to include only facts that occurred *after* he filed his EEOC charges. ECF No. 3 at p.1; ¶ 4 (indicating he received a Right to Sue Letter from the EEOC on July 22, 2025 yet the offending conduct in the amended complaint occurred after that date between August 2-6, 2025). Hall also attaches several EEOC documents to his amended complaint, including one EEOC charge

filed September 8, 2025 which provides a narrative description of the discrimination and retaliation he claims to have suffered from July 31-August 27, 2025 (*i.e.* before and after the time period alleged in the amended complaint) and which remains pending. *See* ECF No. 3-1 at 2-11. As such, it is unclear whether Hall bases his present claims on the allegations that post-date his EEOC charges, whether he intends to litigate the facts set forth in the EEOC charges attached to the amended complaint, or on some other conduct. "While courts may consider exhibits attached to a complaint when considering whether dismissal is appropriate, a plaintiff does not automatically incorporate into [his]complaint every fact asserted in such attachments. Moreover, facts asserted in such attachments may not necessarily be considered for the truth of the matter asserted." *Hymer v. Kross*, No. 23-2374, 2024 WL 3026781, at *2 (3d Cir. June 17, 2024). Without more information explaining what discriminatory or retaliatory conduct Hall intends to litigate, the Court cannot discern whether he has adequately stated a claim, and PRT cannot determine whether it has any viable defenses.

## III. Conclusion

Based on the foregoing, it is respectfully recommended the Court grant PRT's motion to dismiss for more definite statement under Fed. R. Civ. P. 12(e), dismiss Hall's amended complaint without prejudice and allow Hall to file a second amended complaint. It is further recommended if Hall is granted the opportunity to file a second amended complaint and fails to do so, that dismissal of his complaint be converted to dismissal with prejudice. Lastly, it is recommended PRT's motion to

dismiss for failure to state a claim be dismissed as moot and without prejudice to raise those arguments at a future procedural juncture.

If Hall is permitted to amend his complaint, he shall further comply with the attached instructions.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and the Local Rules for Magistrates, the parties may file objections by **July 31, 2026.** Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

DATED this 17th day of July, 2026.

Respectfully submitted:

s/Christopher B. Brown
United States Magistrate Judge